IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ABOULFAZL BAYATAFSHAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AERONAUTICAL RADIO, INC. )<br>)<br>and )<br>)<br>PETER KAPUTSOS, )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:11-CV-00450-JEB |

**PLAINTIFF'S MOTION TO ADD "ARINC INCORPARTED" AS A PARTY**

Plaintiff Aboulfazl Bayatafshar, by and through counsel, pursuant to Federal Rule of Civil Procedure 21, hereby files this Motion to Add ARINC Incorporated as a Party , and states as follows:

1. In January 2011, Aboulfazl Bayatafshar filed suit against Aeronautical Radio, Inc. and Peter Kaputsos, alleging tortious interference and defamation in connection with Batayafshar's employment at the Washington Metropolitan Area Transit Authority ("WMATA".)

2. Kaputsos is an employee of ARINC Incorporated, which Defendants claim is a separate from Aeronautical Radio, Inc. According to Defendants, Aeronautical Radio, Inc. is a wholly owned subsidiary of ARINC Incorporated. Accordingly, Defendants' Motion for Summary Judgment argued, in part, that the claims against Aeronautical Radio, Inc. should be dismissed because they were brought against the wrong party.

1

3. Bayatafshar was not aware of the existence of a separate entity, ARINC Incorporated. Kaputsos served as the Senior Project Manager for a subcontractor of two WMATA contracts for which Bayatafshar served as the Construction Engineer. There is not a single contracting document in the record that identifies ARINC Incorporated. Kaputsos referred to his employer simply as ARINC, and according to its own website, ARINC is used as an abbreviation of Aeronautical Radio, Inc.[1] Defendants have used "ARINC" and "ARINC Incorporated" interchangeably throughout this litigation. Additionally, Defendants objected to providing Kaputsos' personnel file in discovery, so Plaintiff was unable to verify the identity of Kaputsos'employer.[2] *Council on American-Islamic Relations v. Gaubatz,* 793 F.Supp.2d 311, 322, 323 n.3 (D.D.C. 2011) (leave to add correct party freely given where "mistake [concerning party name] was made unknowingly and unintentionally and was not intended to confuse or mislead Defendants, the Court, or anyone else."); *Wiggins v. District Cablevision, Inc.*, 853 F.Supp. 484, 499 n.29 (D.D.C. 1994) (leave to add a party under Rule 21 shall be freely given when justice so requires).

4. While Defendants have yet to produce any admissible evidence that Kaputsos is employed by ARINC Incorporated rather that Aeronautical Radio, Inc., in an abundance of caution, Plaintiff now seeks leave to add ARINC Incorporated as a defendant in this suit.

5. Statute of limitation considerations are satisfied in this case. According to Defendants, Aeronautical Radio, Inc. is a wholly owned subsidiary of ARINC Incorporated. As

---

[1]Plaintiff's Memorandum In Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memo"), Ex. E, ARINC Voice Services Operating Procedures Handbook, available http://www.arinc.com/downloads/voice_services_operating_procedures.pdf ("1.1 Identification: This document provides a brief description of the Air/Ground Voice communication services offered by *Aeronautical Radio, Inc. (ARINC)* and includes operational procedures for their use.") (emphasis added).
[2] Plaintiff's Memo, Exhibit F

such, ARINC Incorporated has received constructive notice of the suit. *Rendall-Speranza v. Nassim*, 932 F.Supp. 19, 23 (D.D.C.) (statute of limitations essentially tolled where party to be added had "sufficiently close identity of interests with the original party to have received constructive notice" of the litigation). Accordingly, neither the present Defendants nor ARINC Incorporated will suffer any prejudice should the motion be granted.

6. Defendants do not consent to this Motion.

For the reason set forth above, which constitute good cause, Plaintiff respectfully requests to add ARINC Incorporated as a party to this suit.

Respectfully Submitted,

_____/s/_____
David Branch, DC Bar # 438764
Law Offices of David A. Branch &
Associates, PLLC
1901 Pennsylvania Avenue, NW, Suite 802
Washington, DC 20006
202.785.2805 phone
202.785.0289 fax
dablaw@erols.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2012, I served a copy of the foregoing by electronic mail on counsel for Defendants listed below.

Stephen A. Horvath
Bancroft, McGavin, Horvath, & Judkins, P.C.
3920 University Drive
Fairfax, VA 22030
703.385.1000 phone
703.385.1555 fax
shorvath@bmhjlaw.com


_____/s/_____
David A. Branch