**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABOUFAZL BAYATFSHAR, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   11-450 (RC) |
| | : | |
| v. | : | Re Document No.:   48 |
| | : | |
| AERONAUTICAL RADIO, INC. *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFF'S MOTION TO ADD A PARTY

**I.  INTRODUCTION**

The plaintiff is a former Washington Metropolitan Area Transit Authority ("WMATA") engineer who worked on projects with outside contractors.  He alleges that Peter Kaputsos, an employee of one of these contractors, continually harassed, threatened, and maligned him with his superiors, engaging in defamation, tortious interference with contract, and constructive discharge.  The plaintiff has brought this action against Mr. Kaputsos and Aeronautical Radio, Inc. ("Aeronautical Radio"), who the plaintiff alleges is Mr. Kaputsos's employer, and has filed a motion to add ARINC, Inc. ("ARINC") as a party.  Because the plaintiffs made an unknowing mistake in failing to name ARINC as a defendant, and because the defendants will not be prejudiced by adding ARINC as a party, the plaintiff's motion to add is granted.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

The plaintiff began working for WMATA in 1999 as an independent contractor employed by Raytheon Company.  Defs.' Stmt. of Mat. Facts ¶ 1.  In 2003, he became a WMATA employee, as a construction engineer.  *Id.* ¶ 2.  His assignments included working on the

1

Integrated Intercommunications System ("Intercom"), and on the Carrier Transportation and Fiber Optic System ("CTS/FOS"). *Id.* ¶ 3. Kaputsos and ARINC were contractors or subcontractors who worked on these two WMATA contracts. *Id.* ¶ 4. On the Intercom project, ARINC was a subcontractor to Ramex, who had a contract with WMATA. *Id.* ¶ 5. Some of the plaintiff's duties included monitoring contractors' activities. *Id.* ¶ 6; Pl.'s Opp'n at 6. Only the project manager or contracting officer, as opposed to the construction engineer, was authorized to make changes to contracts on behalf of WMATA. *Id.* ¶ 9. The plaintiff's direct supervisor was the project manager, Mr. Sarj Akhund, and his second-level supervisor was Mr. Beck Pak, the senior project manager of systems. *Id.* ¶ 11. Mr. Akhund indicated to Mr. Pak that the plaintiff would occasionally agree to one thing and then later take a different position. *Id.* ¶ 23. Mr. Akhund also told Mr. Pak that the plaintiff was causing problems on more than one project by making decisions outside of his authority, which Mr. Pak discussed with the plaintiff. *Id.* ¶ 24.

Mr. Kaputsos worked on the CTS/FOS contract and carry-on, the Intercom contract, and on the Remote Terminal Unit ("RTU") replacement, all of which were contracts with WMATA. *Id.* ¶ 32. His duties as project manager on these contracts included interfacing with the WMATA project manager, managing his staff, and in-house reporting to his management. *Id.* ¶ 33. For the Intercom project, he also had to report to Ramex. *Id.* ¶ 34. For the RTU project, he was the manager overseeing his employer's project managers, such that these project managers who worked with WMATA were under his direct supervision. *Id.* ¶ 35. When he worked on some contracts, including the CTS/FOS contract, it was his job to communicate with Mr. Akhund. *Id.* ¶ 36. If issues arose regarding the scope of the plaintiff's exercise of authority on a contract, Mr. Kaputsos was responsible for communicating these issues to the plaintiff's supervisor at

WMATA.  *Id.* ¶ 37.  WMATA expected its contractors' project managers, such as Mr. Kaputsos, to communicate such concerns to it.  *Id.* ¶ 38.

The plaintiff was a conduit for information on serious issues involving these projects, and was responsible for passing information to the project manager for decisions.  *Id.* ¶ 41.  On the CTS/FOS contract, Mr. Akhund was designated as the WMATA point of contact, with the authority to make changes.  *Id.* ¶ 50.  The plaintiff claims that Mr. Kaputsos continually threatened, harassed, and disparaged him to the plaintiff's superiors.  Am. Compl. ¶¶ 9, 16.  The plaintiff further claims that he was thereafter removed from email correspondence and meeting lists—essentially removed altogether—from several of the projects in which he was directly involved.  *Id.* ¶ 11.  Ultimately, the plaintiff claims that the harassment made him sick, forcing him to take leave, and resulting in a constructive discharge.  *Id.* ¶¶ 25, 28.

The plaintiff has filed this action alleging that Mr. Kaputsos repeatedly threatened and harassed him, and that he made negative comments about the plaintiff to the plaintiff's superiors.  The plaintiff claims that Mr. Kaputsos engaged in tortious interference with the plaintiff's employment contract, constructive discharge, and defamation.  The plaintiff has filed a motion to add a party.  The court now turns to the parties' arguments and the applicable legal standards.

### III.  ANALYSIS

In the motion for summary judgment that the defendants have filed, *see* Dckt. # 4, they contend that the plaintiff has filed an action against Aeronautical Radio alleging that it is Mr. Kaputsos's employer, but that in actuality, Mr. Kaputsos works for ARINC, *id.* at 4.  The defendants claim that there is no relationship between Mr. Kaputsos and Aeronautical Radio, and that it is a wholly owned subsidiary of ARINC.  *Id.* at 4-5.  In response, the plaintiff has thus filed a motion to add ARINC as a party.  The defendants oppose that motion, contending that

3

discovery has been closed for several months, and that the plaintiff has had ample opportunity to identify Mr. Kaputsos's employer and to seek leave to add it as a party. Defs.' Opp'n to Mot. to Add ¶ 1. The defendants also argue that they flagged the mistake for the plaintiff in their answer and elsewhere, but that he failed to take action. *Id.* ¶¶ 3, 5, 6. Further, the defendants claim that allowing the plaintiff to add ARINC as a party would prejudice the defendants because it would require further discovery and delay litigation. *Id.* ¶¶ 9-10.[1]

The plaintiff replies that it was not aware that ARINC was a separate entity from Aeronautical Radio, but instead believed that "ARINC" was an abbreviation for the latter. Pl.'s Mot. to Add ¶ 3. The plaintiff argues that there is no contracting document in the record that identifies ARINC, and that on ARINC's own website, it uses "ARINC" as an abbreviation for Aeronautical Radio. *Id.* ¶ 2. Further, the plaintiff contends that the defendants, themselves, have refused to produce any evidence as to who Mr. Kaputsos's employer is, or his personnel documents, which would have allowed the plaintiff to verify the identity of Mr. Kaputsos's employer. *Id.* ¶ 3. Finally, the plaintiff argues that his claim for defamation against ARINC is not time-barred. *Id.* ¶ 6. But nowhere does the plaintiff explain why he took no action nor inquire further in the face of the defendants' denying in their answer that Aeronautical Radio was Mr. Kaputsos's employer.

Federal Rule of Civil Procedure 21 permits courts to entertain a motion "on just terms" to add a party at any time. FED. R. CIV. P. 21. Further, under Rule 20(a)(2), a defendant may be joined in an action with other defendants 1) where any right to relief is asserted against them jointly, severally, or with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and 2) where any question of law or fact common to all

---

[1] The defendants also contend that the claim for defamation against ARINC is barred by the statute of limitations. *Id.* ¶ 13. But this substantive defense will be addressed when the Court resolves the pending motion for summary judgment.

defendants will arise in the action. FED. R. CIV. P. 20(a)(2). In addition, under Rule 15(a), if a plaintiff seeks leave to amend the complaint more than 21 days after a responsive pleading has been filed, he must seek consent from the defendants or leave from the court. FED. R. CIV. P. 15(a); *Virtue v. Int'l Bhd. of Teamsters Ret. and Family Prot. Plan*, 2012 WL 4458423, at *1 (D.D.C. Sept. 27, 2012).

"[I]n practical terms[,] there is little difference between [Rules 15, 20, and 21]." *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 n.3 (D.D.C. 2006) (quoting *Oneida Indian Nation of N. Y. State v. Cty. of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000)). Indeed, "it is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21." *Boyd*, 465 F. Supp. 2d at 3 n.3 (quoting *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994)). Leave from the court "should [be] freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). This Circuit has held that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). To that end, "the non-movant generally carries the burden in persuading the court to deny leave to amend." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004). In deciding whether to allow a party to amend a complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the plaintiff's motion to add a party, he asserts against ARINC the same claims, arising out of the same set of facts, that he does against Aeronautical Radio. He has alleged claims of tortious interference and defamation against Aeronautical Radio, out of the belief that it hired

and supervised Mr. Kaputsos. *See generally* Am. Compl. [Dckt. #7]. Because the defendants now represent that it was in fact ARINC that was Mr. Kaputsos's employer, the plaintiff seeks to bring the same claims against ARINC that he has against Aeronautical Radio. *See* Pl.'s Mot. to Add ¶ 4. The plaintiff thus asserts a right to relief that arises "out of the same transaction, occurrence, or series of transactions or occurrences," such that any questions of law or fact are common to Mr. Kaputsos, Aeronautical Radio, and ARINC. *See* FED. R. CIV. P. 21. Further, it does not appear that the plaintiff engaged in bad faith or sharp tactics in failing to initially name ARINC as a party, and instead, that he was confused as to the relationship between ARINC and Aeronautical Radio (and possibly inattentive with respect to the answer). *See* Pl.'s Mot. to Add ¶ 3; *see also Council on Am.-Islamic Rels. Action Network v. Gaubatz*, 793 F. Supp. 2d 311, 322-23 (D.D.C. 2011) (granting the motion to add a party because the moving party made an unknowing, unintentional mistake regarding the opposing party's name).

The parties have also disputed whether the claims against a newly added defendant like ARINC would relate back to the original filing of the complaint. Under Rule 15(c), an amendment to a pleading relates back to the date of the original pleading if the amendment changes the party or the naming of the party against whom a claim is asserted, if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading, and if, within 120 days of service, the party to be added: (i) received such notice of the action that it would not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c). In this case, the plaintiff's motion does not seek to change the defendant or the name of the defendant, but instead, to add a new defendant to the current one. Yet because the defendants represent that the

current defendant, or the subsidiary, is not responsible for Mr. Kaputsos in any way, but that instead, the proposed defendant, or the parent organization, is, the Court will construe the plaintiff's motion as a Rule 15(c) motion to change the defendant. *See Stoppelman v. Owens*, 580 F. Supp. 944, 946 (D.D.C. 1983) ("Although Rule 15(c) only refers to an amendment 'changing the party,' the Court concludes that 'the word "changing" must be given a sensible and practical construction,' *Meredith v. United Air Lines*, 41 F.R.D. 34, 39 (S.D. Cal.1966), and a party may be added when the requisite notice and identity of interests showings are made.") (quoting 3 J. Moore, Moore's Federal Practice § 15.15 [4.–2] (2d ed. 1982)).

This Court has already concluded above that the plaintiff's claims arose out of the conduct, transaction, or occurrence that was set out in the original amended complaint. *See infra*, p. 6. In addition, a current party and new party have an "identity of interest" if they "are so closely related in their business operations or other activities, that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 197 (3d Cir. 2001) (quoting 6A Charles A. Wright, Arthur R. Miller *et al.*, *Federal Practice & Procedure* § 1499 at 146 (2d ed. 1990)). Further, "[t]he identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary," or when two related corporations are involved and certain other criteria are met. *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979) (citing 6 Wright & Miller, § 1499 at 518-19; 3 J. Moore, Moore's Federal Practice, § 15.15[4.-2] (2d ed. 1978)); *see also Goodman v. Praxair, Inc.*, 2007 WL 2121724, at *13-14 (4th Cir. July 25, 2007).

Because the current defendant, Aeronautical Radio, is a wholly owned subsidiary of the party that the plaintiff seeks to add, ARINC, they are closely related enough in their business

7

operations or other activities that serving notice to Aeronautical Radio sufficiently provided notice to ARINC, particularly because simply reading the amended complaint should have told ARINC that the plaintiff intended to sue Mr. Kaputsos and his employer. *See Lee v. Toshiba Mach. Co. of Am.*, 804 F. Supp. 1029, 1033-34 (E.D. Tenn. 1992) (determining that when the plaintiff brought an action against a wholly owned subsidiary, its parent corporations sufficiently received notice within the statute of limitations period under Rule 15(c), as simply reading the complaint should have told the parent corporations that the plaintiff intended to sue the manufacturer of the machine involved in her husband's accident); *see also* Am. Compl. ¶ 5 ("Defendant Peter Kaputsos is an employee of Defendant Aeronautical Radio, Incorporated, ('ARINC') working with the Washington Metropolitan Area Transit Authority ('WMATA') on a subcontract through Ramex, Corporation"). Of particular note, in their opposition to the motion, the defendants never deny that ARINC received notice of this suit. Moreover, in order to obtain legal representation for this suit, the Court assumes that Mr. Kaputsos, an ARINC employee, had to inform his employer. Accordingly, the court has no trouble concluding that ARINC received notice of the suit as required by Rule 15.

And once notified of the suit against Mr. Kaputsos and his employer, ARINC, Mr. Kaputsos's employer, had to have realized that the suit was intended to be against it. In response to the allegation in the amended complaint that Mr. Kaputsos was "an employee of [d]efendant Aeronautical Inc. ("ARINC")," the defendants responded that Mr. Kaputsos does not work for Aeronautical Radio. *See* Defs.' Opp'n to Mot. to Add ¶¶ 4-5. Thus, as early as when the plaintiff filed the amended complaint, ARINC either know or should have known that plaintiff meant to file the action against it, Mr. Kaputsos's employer. It thus appears that ARINC knew or

should have known within 120 days of service that the action would have been brought against it, but for the plaintiff's mistake in identifying the proper party.

The claims against ARINC therefore meet the criteria of Rule 15(c) and relate back to the date of the filing of the amended complaint. *See Staren v. American Nat. Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems [and thus that] amendments pursuant to Rule 15(c) should be freely allowed. Further . . . notice is the critical element involved in Rule 15(c) determinations.").

But the defendants argue that, despite all of the above, the plaintiff should not be allowed to add a party at this late date because he has not been diligent in identifying the proper party. Defs.' Opp'n to Mot. to Add ¶¶ 13-14. The defendants claim that they alerted the plaintiff to the purported difference between the entities during the litigation. *Id.* ¶¶ 5-6. But the Court is not persuaded.

First, the defendants assert that they flagged this very issue in responding to the amended complaint. *Id.* ¶¶ 4-5. The defendants' answer to the amended complaint stated that Aeronautical Radio is a wholly owned subsidiary of ARINC. *See* Answer, [Dckt. # 19] ¶ 5. Though this statement did describe the relationship between the two entities, it did not go far enough—it did not explain that Mr. Kaputsos works for ARINC, nor that even as Mr. Kaputsos is an employee of the umbrella organization, ARINC, he does not work for Aeronautical Radio, the subsidiary.

Further, the plaintiff alleged in his amended complaint that Mr. Kaputsos was "an employee of [d]efendant Aeronautical Inc. ("ARINC"), working with [WMATA] on a

9

subcontract through Ramex, Corporation." Am. Compl. ¶ 5. But, rather than clarifying the situation, the defendants merely made a blanket denial of this statement, without providing any elaboration or explanation. *See* Answer ¶ 5. They did not make clear that the denial was specifically directed at the allegation that Aeronautical Radio was the plaintiff's employer, as opposed to the other allegations in the statement. Moreover, the defendants' denial was particularly ambiguous because the plaintiff's allegation could be read to allege that Mr. Kaputsos works for both Aeronautical Radio and ARINC. Under that reading, one could conclude from the defendants' blanket denial that the plaintiff does not work for either Aeronautical Radio or ARINC, which, according to the defendants' representations, would be inaccurate. Essentially, in their terse denial, the defendants did not properly flag for the plaintiff that Mr. Kaputsos is in fact an employee of ARINC, and that he works for the similarly named parent organization, but not for its subsidiary. Although the plaintiff could have been more diligent in inquiring further about the denial, given the similarities of the names, the plaintiff's confusion is understandable, and the defendants did little to dispel it.

And the plaintiff's mistake was not unreasonable. ARINC's own documents suggest that the two names have sometimes been used interchangeably (e.g., manual on ARINC's website characterizes the entities as "Aeronautical Radio, Inc. (ARINC)"). Pl.'s Reply to Defs.' Opp'n. *See* http://www.arinc.com/downloads/voice_services_operating_procedures.pdf at 1-1. Indeed, under the "Definitions of Terms and Acronyms" in the manual, the "meaning" of "ARINC" is listed as "Aeronautical Radio, Inc." *Id.* at 105.

Second, the defendants point to an exchange during a deposition to support their lack of diligence argument. During Mr. Akhund's deposition, defense counsel remarked that plaintiff's counsel had stated that the action was filed against "ARINC," when the plaintiff had actually

filed it against "Aeronautical Radio." *Id.* Plaintiff's counsel responded by saying, the "abbreviated version is ARINC." *Id.* Defense counsel simply replied "no it's not," but did not elaborate on what that actually meant regarding the relationship between ARINC and Aeronautical Radio, and further, that Mr. Kaputsos is actually an employee of ARINC, but not of Aeronautical Radio. *Id.* Although plaintiff's counsel was not as receptive to the colloquy as he should have been, defendants' counsel was not as clear as he should have been.

Additionally, the defendants could have raised in their motion to dismiss the argument that Mr. Kaputsos's employer is ARINC, and not Aeronautical Radio, but they forewent that opportunity. *See generally* Defs.' Mot. to Dismiss [Dckt. #3]. The Court is left to conclude that if the defendants truly wished to clarify the situation—rather than obtain strategic advantage—they would have raised this argument in their motion to dismiss. Suffice it to say that if, at the start of the litigation, the defendants had described to the plaintiff the difference between the entities and Mr. Kaputsos's employment relationship to them as articulately or clearly as they did in their motion for summary judgment, a great deal of the parties' and the Court's time would have been saved.   And, although it is not the defendants' responsibility to educate the plaintiff about his case, it cannot play hide-the-ball either. Thus, because it is evident that the "defendants bear [some] of the responsibility of [the] plaintiffs' error . . . [those] parties should not be able to profit by the confusion that they themselves created." *Hafferman v. Westinghouse Elec. Corp.*, 653 F. Supp. 423, 429 (D.D.C. 1986) (quoting *Hart v. Bechtel Corp.*, 90 F.R.D. 104, 106 (D.Ariz. 1981)); *Morrison v. Lefevre*, 592 F. Supp. 1052, 1058 (S.D.N.Y. 1984) (allowing the complaint to be amended because the plaintiffs' failure to name several defendants was a tactical move on the defendants' part to prevent the plaintiffs from knowing who their complaint should have been addressed against).

Finally, the defendants argue that the motion should be denied because adding ARINC as a party at this late date is inappropriate, as it would require additional discovery and delay litigation. But this argument is too conclusory to establish prejudice. The defendants have failed to specify *any* additional discovery that would be required. Because Aeronautical Radio is alleged to be a subsidiary of ARINC, the two entities appear to be close in relation. *See* Defs.' MSJ, Ex. 6, Aff. 1 of Dennis L. Lengyel at 1 ("I am familiar with the business and employment records of Aeronautical Radio, Inc."); Aff. 2 of Dennis L. Lengyel at 1 ("I am familiar with the records maintained by ARINC Incorporated related to the employment, duties, and responsibilities of Peter Kaputsos"). It seems that there could be enough of a relationship or even overlap between the two companies so as to possibly not require additional discovery (or, at least not much). Accordingly, the plaintiff's motion to add ARINC as a party (deemed as a motion to change party under Fed. R. Civ. P. 15(c)) is granted, and ARINC is substituted as a defendant for Aeronautical Radio.

### IV.  CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion to add a party. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of March, 2013.

RUDOLPH CONTRERAS
United States District Judge